UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN McMURPHY,

      Plaintiff,

                                      Case No. 13-10600
v.                                  Hon. Gerald E. Rosen
                                      Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.
_____/

ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on        March 10, 2014

        PRESENT: Honorable Gerald E. Rosen
                               Chief Judge, United States District Court

      On December 17, 2013, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff Kevin McMurphy's motion for summary judgment and grant the Defendant Commissioner of Social Security's motion for summary judgment.  Plaintiff filed objections to the R & R on December 30, 2013, and Defendant filed a response to these objections on January 16, 2014.  The Court has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties' underlying motions, and the remainder of the record.  For the reasons stated below, the Court overrules Plaintiff's objections and adopts the Magistrate

Judge's R & R as the opinion of this Court.

Plaintiff has lodged four objections to the R & R.  First, Plaintiff challenges the grounds upon which the Magistrate Judge proposes to uphold the decision of the Administrative Law Judge ("ALJ") to discount the opinions of Plaintiff's treating psychologist, Tim Uhlmann, Ph.D.  Specifically, while the Magistrate Judge primarily focused on purported inconsistencies among Dr. Uhlmann's opinions over time that were "not explained by any changes in Plaintiff's condition," (R & R at 24), Plaintiff contends that these opinions were not truly inconsistent with each other, and he further notes that the ALJ evidently did not rely on any such internal inconsistencies in electing to give less weight to Dr. Uhlmann's opinions.

While it is true that the ALJ did not point to any inconsistencies among Dr. Uhlmann's opinions over time as a basis for discounting these opinions, the Court nonetheless agrees with the Magistrate Judge that the ALJ identified legitimate and permissible grounds for her decision not to give significant weight to these opinions.  In particular, the ALJ determined that Dr. Uhlmann's opinions were entitled to "little weight" because they were inconsistent with the medical record and with Plaintiff's account of his daily activities.  (Admin. Record at 21.)  Although Plaintiff faults the ALJ for purportedly "failing to identify" the portions of the medical record that she found inconsistent with Dr. Uhlmann's opinions, (Plaintiff's Objections at 3), the ALJ specifically stated that these opinions were "inconsistent with [Plaintiff's] generally unremarkable mental status examinations," as well as "the fact that the claimant has never

required a psychiatric hospitalization," (Admin. Record at 21).

The Sixth Circuit has recognized that while the "medical opinions and diagnoses of treating physicians are entitled to great weight," the "ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001) (internal quotation marks and citation omitted). Thus, if a treating physician "fail[s] to identify objective medical findings to support his opinion regarding [a claimant's] impairments," an ALJ "d[oes] not err in discounting his opinion." *Price v. Commissioner of Social Security,* No. 08-4210, 342 F. App'x 172, 176 (6th Cir. Aug. 18, 2009); *see also* 20 C.F.R. § 404.1527(c)(3) (providing that "[t]he more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion," and that "[t]he better an explanation a source provides for an opinion, the more weight we will give that opinion"). This is precisely one of the grounds upon which the ALJ discounted Dr. Uhlmann's opinions, and this Court cannot say, upon reviewing the underlying medical record, that the ALJ erred in this regard. Rather, these opinions generally are conclusory and bereft of explanation, with Dr. Uhlmann largely failing to cite any particular treatment notes or findings from his examinations of Plaintiff as grounds for his views as to Plaintiff's limitations, his need to miss work more than four days per month, or his inability to return to his prior work or

any other reasonable occupation.[1]  Under this record, the Court is satisfied that the ALJ's reasons for discounting Dr. Uhlmann's opinions comport with the pertinent law and Social Security regulations and are supported by substantial evidence.

Plaintiff next objects that the Magistrate Judge erred in construing the opinion of an examining physician, Dr. Mukesh Lathia, as "not inconsistent with the ALJ's findings" because this physician merely "concluded that Plaintiff was unable to do his past work as a corrections officer but did not comment on his ability to do other work."  (R & R at 25.)  In Plaintiff's view, Dr. Lathia's opinion was, in fact, inconsistent with the ALJ's findings,

---

[1] In this sense, the Court agrees with the Magistrate Judge's view that Dr. Uhlmann's opinions suffer from a degree of internal inconsistency that undermines the weight to which they are entitled.  Although it may be true that Dr. Uhlmann's opinions did not dramatically change over time, the Magistrate Judge correctly noted Dr. Uhlmann's uniform failure to explain even more modest differences in his assessments of Plaintiff's mental condition and limitations by reference to new or different findings in his successive examinations of Plaintiff.  (*See* R & R at 24.)  For example, Dr. Uhlmann opined on January 26, 2010 that Plaintiff would be able to return to work without restrictions in June of 2010, (*see* Admin. Record at 441), but he then concluded in June of 2011 that Plaintiff was altogether unable to return to work, (*see id.* at 446), without any suggestion as to what might have brought about this apparent worsening in Plaintiff's condition.

To be sure, Plaintiff contends in his underlying summary judgment motion that this reading of Dr. Uhlmann's opinions reflects a lack of understanding that mental health professionals rely on "the totality of [their] encounters with patients," rather than just mental status examinations, to arrive at their diagnoses and opinions.  (Plaintiff's Motion for Summary Judgment, Br. in Support at 9-10.)  Yet, Plaintiff offers only the argument of his counsel on this point, without citation to any law, Social Security regulations, relevant literature, or other authority for the proposition that the opinions of mental health professionals should be evaluated differently from the statements of other medical professionals in the determination of a claimant's eligibility for Social Security benefits.  Just as Plaintiff accuses the ALJ of "overstepp[ing] her bounds and substitut[ing] her own unqualified medical opinion in place of the evaluations of medical professionals," (*id.* at 9), it seems that Plaintiff's counsel means to hold himself out as an expert as to the unique nature of mental health practice and the standards for assessing the opinions of mental health professionals.

as Dr. Lathia stated that Plaintiff was "not capable [of] respond[ing] appropriately to supervision and co-workers and work pressures in a work setting." (Admin. Record at 412.) Plaintiff further asserts that the ALJ gave insufficient reasons for her decision to discount this opinion.

    Regardless of the accuracy of the Magistrate Judge's assessment of Dr. Lathia's opinion as consistent with the ALJ's findings, the Court concludes that substantial evidence supports the ALJ's decision to give "little weight" to this opinion. (*Id.* at 22.) The ALJ's determination rested in part on the fact that Dr. Lathia's opinion "was based on a one-time evaluation of the claimant and not upon an ongoing treating relationship," (*id.*), and this is a recognized basis for giving less weight to a medical opinion, *see* 20 C.F.R. § 404.1527(c)(2)(i). The ALJ further explained that Dr. Lathia "appears to have relied quite heavily on [Plaintiff's] subjective complaints because the examiner's mental status findings were not exceptionally remarkable." (Admin. Record at 22.) The Court finds that this observation enjoys substantial support in the record, where a significant portion of Dr. Lathia's report consists of Plaintiff's self-reports of his limitations and history, and where Dr. Lathia found upon examination (i) that Plaintiff was "appropriately dressed" and his "personal hygiene was good," (ii) that his "thought process is goal-oriented and coherent," (iii) that he "den[ied] any auditory, visual, or olfactory hallucinations" or "any suicidal or homicidal ideations, plan, or intent," and (iv) that cognitive examination revealed that Plaintiff was "alert and oriented," that he "remember[ed] three out of three objects on immediate and distant recall," and that "his

5

abstract thinking is average." (*Id.* at 411.)

Next, Plaintiff contends that the Magistrate Judge's treatment of the opinion of Dr. Elliott Wolf reflects "an erroneous substitution of the Magistrate Judge's medical opinion for Dr. Wolf's." (Plaintiff's Objections at 6.)  Yet, in his underlying summary judgment motion, Plaintiff did not take issue with the ALJ's decision to discount Dr. Wolf's opinion; rather, Plaintiff mentioned Dr. Wolf's opinion only briefly and in passing, (*see* Plaintiff's Motion, Br. in Support at 7), without any suggestion that the ALJ's treatment of this opinion provided a basis for overturning the ALJ's decision.  It is well-established that an issue may not be raised for the first time in a party's objections to a Magistrate Judge's report and recommendation.  *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Dixon v. Commissioner of Social Security,* No. 10-14283, 2012 WL 113522, at *1 (E.D. Mich. Jan. 13, 2012).  In any event, the Magistrate Judge made only limited reference to Dr. Wolf, citing the findings of this physician as lending additional support to the ALJ's determination of Plaintiff's residual functional capacity. (*See* R & R at 25.)  Even assuming that the Magistrate Judge erred on this fairly minor point — a premise with which the Court does not agree — Plaintiff fails to explain how this would undermine in any way the Magistrate Judge's overarching conclusion that substantial evidence supports the ALJ's decision.

Finally, Plaintiff complains more generally that both the Magistrate Judge and the ALJ more closely scrutinized the opinions of Plaintiff's treating physicians than those of non-treating sources, in contravention of the law as stated in the R & R. (*See* R & R at

21-22.) In Plaintiff's view, both the Magistrate Judge and the ALJ focused inordinately on "narrow" inconsistencies among the opinions of Dr. Uhlmann, Dr. Lathia, Dr. Wolfe, Dr. Sunil Rangwani, and Dr. Laurence Domino in electing to discount these opinions, while at the same time purportedly overlooking "greater" and "more flagrant" inconsistencies between the two opinions, of Drs. Robert Newhouse and R. Scott Stehouwer, to which the ALJ accorded significant weight. (Plaintiff's Objections at 5.)

The Court, however, does not read the ALJ's decision as citing consistencies or inconsistencies among the opinions of different physicians as grounds for giving more or less weight to those opinions. Rather, as to each of the doctors referenced in Plaintiff's underlying summary judgment motion as physicians whose opinions the ALJ improperly discounted — *i.e.,* Drs. Uhlmann, Lathia, and Domino[2] — the ALJ pointed to inconsistencies between these opinions and the *medical record,* among other considerations, in electing to give the opinions less weight. (*See* Admin. Record at 21-22.)[3] As noted earlier, this is a permissible basis for discounting a physician's opinion. Likewise, the ALJ credited the opinions of Drs. Newhouse and Stehouwer because, among other reasons, they were consistent with the medical record, and not based on any

---

[2]Again, because Plaintiff raised no challenges in his underlying motion to the ALJ's treatment of the opinions of Drs. Wolfe and Rangwani, the Court declines to entertain any such challenges that Plaintiff might be seeking to pursue in his objections to the R & R.

[3]Notably, since two of these physicians, Drs. Lathia and Domino, were not treating sources, they do nothing to support Plaintiff's contention that the ALJ improperly applied more stringent scrutiny to the opinions of his treating physicians than to those of non-treating sources. It also bears emphasis that the ALJ gave additional reasons, beyond inconsistency with the record, for discounting the opinions of each of these three physicians.

consistency between these opinions. (*See id.* at 21-22.) More generally, because Plaintiff has failed to establish that the ALJ improperly evaluated the opinion of any individual physician, the Court declines Plaintiff's invitation to view the ALJ's opinion as exhibiting some sort of "pattern," under which the ALJ unduly discounted opinions favorable to an award of Social Security benefits while granting greater weight to those opinions that would support a finding of no disability.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's December 30, 2013 objections (docket #14) to the Magistrate Judge's December 17, 2013 Report and Recommendation are OVERRULED. IT IS FURTHER ORDERED that the Magistrate Judge's Report and Recommendation (docket #13) is ADOPTED as the opinion of this Court, as modified and supplemented by the rulings in the present order. Finally, IT IS

FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation and this order, Plaintiff's May 15, 2013 motion for summary judgment (docket #9) is DENIED, and Defendant's July 11, 2013 motion for summary judgment (docket #11) is GRANTED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: March 10, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 10, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135